Dunn Isaacson Rhee

August 10, 2026

**Via CM/ECF**

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: *American Hospital Association, et al. v. AbbVie Inc., et al.*, No. 25-2237, Notice of Supplemental Authority - Response

Dear Clerk Dubrovsky,

Contrary to Appellants' contention in their August 6, 2026 Notice of Supplemental Authority ("Notice"), the Health Resources and Services Administration's ("HRSA") August 3, 2026 Notice Regarding 340B Rebate Model Pilot Program only confirms that this appeal is moot.

It is unclear whether any repetition of the denials of intervention at issue in this appeal could (or will) occur. Appellees' Br. 32-33. Any challenge to the new Program would require a *new lawsuit* seeking to invalidate *different agency action* than what was vacated. As Appellants recognize, HRSA has not yet approved any applications to this new Program. If those applications are approved, and if there is new litigation, it will supply the opportunity for review Appellants seek. Appellants could move to intervene, obtain district court review, and appeal any denial. This forecloses any "realistic threat that no trial court ever will have enough time to decide the underlying issues." *Corrigan v. Bos. Univ.*, 98 F.4th 346, 353 (1st Cir. 2024) (citation omitted).

Appellants' only argument otherwise rests on a mischaracterization of the previous motion to vacate and remand. *See* Notice 1. Recognizing that the prior preliminary injunction proceedings occurred in approximately 30 days, that so-ordered motion set a start date for any new program no sooner than 90 days after any drug company approval "to avoid" the possibility of "extremely expedited future litigation." JA558. Thus, the motion Appellants invoke as evidence of a "rushed" timeline actually *prevents* one. It instead ensures that any future intervention motion can be litigated to completion—the opposite of a dispute that is capable of repetition yet evading review.

Ultimately, because the "complaints in the underlying litigation were dismissed … there is no longer any action in which to intervene." *Energy Transp. Grp., Inc. v. Mar. Admin.*, 956 F.2d 1206, 1210 (D.C. Cir. 1992); *see Lopez v. NLRB,* 655 F. App'x 859, 861 (D.C. Cir. 2016) (per curiam) (same); *United States v. Ford*, 650 F.2d 1141, 1142-43 (9th Cir. 1981). Nothing about a new potential challenge to new potential agency action changes that fact, and this appeal should be dismissed as moot.

Respectfully submitted,

*/s/ L. Rush Atkinson*______________
L. Rush Atkinson

*Counsel for Plaintiffs-Appellees American Hospital Association, Maine Hospital Association, St. Mary's Regional Medical Center, Nathan Littauer Hospital & Nursing Home, Unity Medical Center & Dallas County Medical Center*

cc: All counsel of record via CM/ECF

**Dunn Isaacson Rhee LLP**
401 9th Street, NW
Washington, DC 20004
(202) 240-2900