**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

| | |
|---|---|
| AMERICAN HOSPITAL ASSOCIATION, et al.,<br>*Plaintiffs-Appellees*,<br>v.<br>ROBERT F. KENNEDY, JR., Secretary of the U.S. Department of Health and Human Services, et al.,<br>*Defendants,*<br>ABBVIE INC., et al.,<br>*Interested Parties-Appellants.* | No. 25-2237<br><br>Appeal from the U.S. District Court for the District of Maine, No. 2:25-cv-00600-LEW |

**APPELLANTS' RESPONSE TO APPELLEES' MOTION TO CONTINUE ORAL ARGUMENT**

Appellees' Motion to Continue Oral Argument should be denied. This case is scheduled for argument on September 15, 2026. Two days ago, Appellees informed Appellants that the district court in one of Ms. Hartley's other matters had scheduled a bench trial for the week of September 14, which would conflict with the argument in this case. As an accommodation, Appellants offered to jointly ask the Court to consider rescheduling the argument of this case for the previous week—*i.e.,* for

September 9, 10, or 11, when this Court is already sitting. Although they did not explain why, Appellees rejected that suggestion. Appellants continue to believe advancing argument to that previous week, if the panel is amenable to that solution, would be a fair way to accommodate Ms. Hartley without prejudicing Appellants.

If that suggestion is not workable for the Court, however, the September 15 argument date should stand, and Appellees should be given leave to substitute arguing counsel. Appellees have not cleared the high bar this Court's rules set for continuing oral argument. "Once a case is scheduled for argument, continuances may be allowed *only for grave cause*." L.R. 34.1(d) (emphasis added). Appellees do not acknowledge the grave-cause standard, much less explain why it is satisfied. Nor is there any reason to think there is grave cause justifying a continuance—as Appellees concede, another member of their team could argue the appeal if Ms. Hartley is unable to appear in the September sitting.

Appellants, on the other hand, would be significantly prejudiced by delaying argument. The next iteration of the Pilot Program is already underway, as the federal government is currently reviewing the manufacturers' applications to participate. The federal government is

due to announce its decisions on those applications on or before September 24, 2026. 91 Fed. Reg. 48,883, 48,884 (Aug. 3, 2026). At that point, or shortly thereafter, Appellees are likely to commence the next round of emergency litigation seeking to enjoin the Pilot Program, and Appellants' ability to intervene to defend their right to participate in a federal program will be immediately at issue. Appellees' suggestion to defer argument until November or December 2026 is therefore no solution. By then, another federal court will be deciding, or already have decided, whether to permit Appellants to intervene and whether to enjoin the Pilot Program before its January 1, 2027 effective date.[1]

Appellants have acted diligently to inform this Court of facts relevant to the timing of the Court's consideration of this matter. As soon as the agency announced its decision as to the now-impending Pilot Program, Appellants brought those facts to the Court's attention. *See* Appellants' Notice of Supplemental Authority, at 1-2 (Aug. 6, 2026). By contrast, Appellees fail to explain why they waited a week to notify Appellants—and longer to notify the Court—of Ms. Hartley's purported

[1] Should this Court decide to continue oral argument, Appellants will make themselves available at whatever date the Court chooses.

conflict. And nothing indicates that Appellees raised Ms. Hartley's conflict in the district court matter, either. All that undermines any suggestion that Appellees have a "grave" need for delay.

Appellees' other suggestion is to ask the Court to cancel oral argument on the ground that this appeal is suitable for decision without argument. That request should also be rejected. As Appellants' briefs in this case explain, this appeal is not moot. *See* Appellants' Br.59-64; Reply Br.25-34; Resp. to Order to Show Cause (Mar. 20, 2026). It presents an important question about the proper application of Rule 24 in Administrative Procedure Act cases; and given the likelihood of impending, fast-track litigation, the dispute between these parties is certainly capable of repetition and evading review.

In short, Appellants defer to the Court about whether it would be feasible to hold argument in this case during the week of September 9. If so, Appellants can be available. If not, Appellees should be given leave to substitute arguing counsel on the September 15 date.

Dated: August 28, 2026

Respectfully submitted,

By: /s/ *Matthew S. Owen*

Matthew S. Owen, #1219940
Nick Bell, #1219942
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8616
mowen@gibsondunn.com
nbell@gibsondunn.com

Jeffrey L. Handwerker, #1133451
Allon Kedem, #1191338
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
(202) 942-5000
jeffrey.handwerker@arnoldporter.com
allon.kedem@arnoldporter.com

Meredith M. Pohl, #1219941
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 737-0500
mpohl@kslaw.com

Kwaku A. Akowuah, #1203891
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
kakowuah@sidley.com

Kevin F. King, #1186998
Thomas Brugato, #1221636
Daniel G. Randolph, #1221637
Covington & Burling LLP
One City Center
850 10th Street N.W.
Washington, D.C. 20001
(202) 662-6000
kking@cov.com
tbrugato@cov.com
drandolph@cov.com

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I, Matthew S. Owen, hereby certify that on August 28, 2026, the foregoing document was filed using the First Circuit CM/ECF filing system.

*/s/ Matthew S. Owen*
Matthew S. Owen